

Nancy V. Alquist
**NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IN RE:<br>SYED TABISH MANZOOR A/K/A SYED TABISH MANZOOR<br>    Debtor | BCN#: 17-13501<br><br>Chapter: 13 |
| WELLS FARGO BANK, N.A.<br>and its assignees and/or<br>successors in interest,<br>    Movant,<br>v.<br>TABISH MANZOOR SYED AKA SYED TABISH MANZOOR<br>    Debtor<br>    Respondents | **CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY** |

This matter came on to be heard upon consideration of the Motion of Wells Fargo Bank, N.A. for Relief from Automatic Stay of 11 USC 362 (a) as to certain real property at 5007 GREEN MOUNTAIN CIR, Columbia, MD 21044; and

It appearing that the parties consent to the entry of this Order;

IT IS HEREBY ORDERED, that the automatic stay of 11 USC 362 (a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 5007 GREEN MOUNTAIN CIR, Columbia, MD 21044.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as,

the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a) The Debtor shall cure the post petition arrearage of $5,982.60, which amount includes payments from April 1, 2017 through January 1, 2018 in the amount of $598.26 each, and includes $0.00 for legal fees and costs.

b) The Debtor shall cure the arrearage of $5,982.60 by:

   a. Making a lump sum payment of $2,393.04 on or before February 15, 2018 (months of April 1, 2017 through July 1, 2017), and

   b. Amending the debtors Chapter 13 plan to include the remaining post petition arrears of $3,589.56 (months of August 1, 2017 through January 1, 2018) within thirty (30) days of entry of the order. Movant will file an amended proof of claim outlining the pre-petition and post-petition payments.

c) In addition to curing the arrearage, the Debtor shall resume making regular monthly post petition payments due under the note beginning with the payment due February 1, 2018, which will be paid on or before February 28, 2018, and continuing on the 1st day of each month thereafter beginning with March 1, 2018.  Any payments made on or after December 12, 2017 are to be applied per the terms of this order.

d) All payments made pursuant to this Order shall be applied first to reimburse the creditor for its attorney fees and costs (in connection with this motion), in the amount of $0.00.  All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage.

e) If the debtor defaults upon payment under the terms of this order or if any payments which have been acknowledged in the calculation of the mortgage arrearage in this order, but which subsequently fail to clear and are dishonored, or if an amended plan is not filed within thirty (30) days of entry of this order, then the Movant shall:

- mail to the Debtor and Debtor's counsel, and the Court, a notice setting forth the amount and nature of the default under the terms of this Order.

- the Debtor may within twelve days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order.  Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered.

f) Acceptance of partial payment by the Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this order shall terminate on the expiration of the twelve day period in the absence of complete cure notwithstanding partial payment.

g) If the default is not cured within the cure period, or if no response is filed to said notice, within twelve days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor(s) since the entry of the Order by check, money order, and by requesting a hearing, the forbearance provisions of this order shall terminate and the Secured Creditor shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Secured Creditor's right to foreclose its security instrument, Subsequent to such sale, the Secured Creditor may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

   IT IS FURTHER ORDERED AND AGREED that the Debtors right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that the Movant may at its option, offer, provide and enter into any potential forbearance agreement, loan modification, short sale, or other loan workout/loss mitigation agreement;

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal or discharge.

I ask for this:

/s/ Renee Dyson

_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Kristine D. Brown, Esquire
Federal I.D. Bar No. 14961
Thomas J. Gartner, Esquire
Federal I.D. Bar No. 18808
Gregory N. Britto, Esquire
Federal I.D. Bar No. 22531
Philip S. Shriver, Esquire
Federal I.D. Bar No. 20037
Renee Dyson, Esquire
Federal I.D. Bar No. 15955
Counsel for Movant
ecf@logs.com

Seen; Agreed:

/s/ ROBERT GROSSBART, by Debra Petr

_____
ROBERT GROSSBART, by Debra Petr, Counsel for Debtor

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures

represented by the /s/__Renee Dyson__ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ Renee Dyson
_____
Kristine D. Brown, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Gregory N. Britto, Esquire
Philip S. Shriver, Esquire
Renee Dyson, Esquire

Copies of this order are to be sent to:

TABISH MANZOOR SYED
5900 PERFECT CALM COURT
CLARKSVILLE, MD 21029

ROBERT S THOMAS, II
300 E. JOPPA ROAD
SUITE 409
TOWSON, MD 21286

ROBERT GROSSBART
GROSSBART, PORTNEY & ROSENBERG
ONE N. CHARLES STREET
SUITE 1214
BALTIMORE, MD 21201

SHAPIRO & BROWN, LLP
10021 BALLS FORD ROAD, SUITE 200
MANASSAS, VIRGINIA 20109


14-242758


**END OF ORDER**